

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-93,093-01

### EX PARTE AARON RANDOL JONES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 10667-A IN THE 31ST DISTRICT COURT FROM GRAY COUNTY

*Per curiam*.

### O R D E R

Applicant pled guilty to possession of child pornography and was sentenced to nine years' imprisonment. He filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant claims his guilty plea was involuntary. He says that he was charged with several offenses of possessing child pornography, that he pled guilty to the offenses for prison sentences, and that, when he pled guilty, he believed the sentences would run concurrently, but they are not. He says he has learned, upon making parole on one of the sentences, that the sentences were cumulated on each other. He complains that counsel "did not explain my sentence to me correctly" and "did not do his job for my defense."

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Morrow*, 952 S.W.2d 530 (Tex. Crim. App. 1997). The habeas record forwarded to this Court contains no written plea agreement, response from trial counsel, or findings from the trial court resolving the disputed factual issues. Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant's plea was involuntary. The trial court may make any other findings and conclusions that it deems appropriate. The trial court shall supplement the habeas record with any written plea agreement.

The trial court shall make findings of fact and conclusions of law, and supplement the habeas record with any written plea agreement, within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed:   October 6, 2021
Do not publish